UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON ROBERT WYLIE, and
LEAH S. WYLIE,

    Debtors.
_____/

TIMOTHY J. MILLER, TRUSTEE,

    Plaintiff,
v.

JASON ROBERT WYLIE,

and

LEAH S. WYLIE,

    Defendants.
_____/

Case No. 20-49216

Chapter 7

Judge Thomas J. Tucker

Adv. Pro. No. 21-4012

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, AND CANCELLING OCTOBER 20, 2021
BENCH OPINION HEARING**

This adversary proceeding is before the Court on the Plaintiff's motion for summary judgment (Docket # 25, the "Motion"). The Defendants filed a response opposing the Motion (Docket ## 30, 34), and the Plaintiff filed a reply brief in support of the Motion (Docket # 44). The parties later filed supplemental briefs regarding the Motion (Docket ## 56, 57). The Court held a telephonic hearing on the Motion on October 6, 2021, and then took the Motion under advisement. The Court scheduled a bench opinion hearing for October 20, 2021 at 11:00 a.m.

The Court now has decided to issue a written decision on the Motion, rather than giving an oral bench opinion. For the following reasons, the Motion will be denied.

In the Motion, the Plaintiff Trustee seeks summary judgment on Counts I through IV of Plaintiff's First Amended Complaint (Docket # 10), denying the discharge of each of the Defendants, based on several provisions of 11 U.S.C. § 727(a).[1]

The Court has considered all of the oral and written arguments of the parties, all of the briefs and exhibits filed by the parties, and all of the authorities cited by the parties. The Court finds and concludes as follows.

1. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). With respect to each of the counts at issue, this is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

2. In considering whether summary judgment should be granted for Plaintiff, the Court has applied the standards governing motions for summary judgment under Fed. R. Civ. P. 56, which the Court now adopts and incorporates by reference from its prior opinion in the case of *Schubiner v. Zolman* (*In re Schubiner*), 590 B.R. 362, 376-77 (Bankr. E.D. Mich. 2018). Those standards include, among other things, the requirements that in deciding the summary judgment motion, (a) the Court "'must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party[,]'" *Schubiner*, 590 B.R. at 376 (citation omitted); and (b) the Court "must 'believe the evidence of the nonmovant, and draw all justifiable inferences in favor of the nonmovant.'" *Id.* at 377 (citations omitted).

3. On the current record in this case, the Court concludes that genuine issues of material fact preclude granting summary judgment against either of the Defendants based on any of the

---

[1] Plaintiff does not seek summary judgment on the other counts in the First Amended Complaint (Counts V through X), and says that those counts are now moot.

§ 727(a) grounds at issue.[2]

4. Such genuine issues include, but are not limited to, whether, with respect to the Defendants' actions and omissions at issue, either or both of the Defendants had the intent required by §§ 727(a)(2) and 727(a)(4)(A). Such genuine issues also include, but are not limited to, whether the necessary elements under § 727(a)(3) have been met. *See generally Lim v. Storozhenko* (*In re Storozhenko*), 487 B.R. 457, 464 (Bankr. E.D. Mich. 2012).

5. In addition, there are numerous conflicts in the evidence that is in the current record that preclude summary judgment for the Plaintiff on any claim. *E.g., compare* Docket # 25-9 (Ex. F to Pl.'s Mot.) (the 3/31/20 email exchange between Defendant Jason Wylie and Steven Eshelman) and Docket # 25-7 (Ex. D to Pl.'s Mot.) at 43-44, 77-78 (Tr. of Steven Eshelman Dep.) *with* Docket ## 30-1 and 30-2 (Exs. to Defs.' Resp. to Mot.), each at ¶¶ 5, 6 (Declarations Under Penalty of Perjury of the Defendants).

6. In the exercise of the Court's discretion under Fed. R. Civ. P. 56(g), the Court declines the Plaintiff's request, made in the alternative, to enter an order stating what material facts, if any, are *not* genuinely in dispute. *See generally* Fed. R. Civ. P. 56 advisory committee's notes to 2009 Amendments (regarding Civ. R. 56(g)).

For the reasons stated above, the Court will deny Plaintiff's Motion. A trial will be necessary. Accordingly,

IT IS ORDERED that the Motion (Docket # 25) is denied, in its entirety.

IT IS FURTHER ORDERED that the oral bench opinion hearing, scheduled for October 20, 2021 at 11:00 a.m., is cancelled.

---

[2] These are 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(4)(A), and 727(a)(3).

**Signed on October 12, 2021**  /s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

4